# EXHIBIT 1

CROWLEY & McCARTHY, P.C.

Kevin M. Davis

July 8, 2025

Amazon.com, Inc.
c/o Corporation Service Company
300 Deschutes Way SW Ste 208 MC-CSC1
Tumwater, Washington 98501

*Re:* *Horace Mann Insurance Company as subrogee of Marie and Carlos Paiva v. Amazon.com, Inc., Shenzhen Shengwangjia Technology Co. Ltd, and Parrot*
*Hampden County Superior Court*
*Docket No. 2579CV00454*

**Via Certified Mail**

Dear Sir or Madam:

Enclosed please find a copy of the Summons, Complaint with Jury Demand, Civil Action Cover Sheet and Tracking Order to be served upon Amazon.com, Inc. with regard to the above captioned matter. Under the laws of the Commonwealth of Massachusetts, Amazon.com, Inc. is required to provide an Answer to the Complaint within 20 days of receipt. The Answer must be filed with the Hampden County Superior Court, Hall of Justice, 50 State Street – P.O. Box 559, Springfield, MA 01102 and a copy must be sent to the undersigned and all counsel of record.

Thank you for your attention to this matter.

Very truly yours,

Kevin M. Davis

KMD/sb

220 Broadway, Suite 405 | Lynnfield, MA 01940
(781) 842-7302 | kdavis@cmpclaw.com

| Summons | CIVIL DOCKET NO. 25 454 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: HORACE MANN INSURANCE COMPANY A/S/O MARIE PAIVA Plaintiff(s) vs. AMAZON.COM, INC., SHENZHEN SHENGWANGJIA TECHNOLOGY CO. LTD. and PARROT Defendant(s) | | Laura S. Gentile Clerk of Courts<br>Hampden County<br>COURT NAME & ADDRESS:<br>Hampden Superior Court<br>Roderick L. Ireland Courthouse<br>50 State Street<br>Springfield, MA 01103 |

THIS SUMMONS IS DIRECTED TO AMAZON.COM, INC. (Defendant's name).

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Hampden Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**
If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**
To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your signed original response with the Clerk's Office for Civil Business, Hampden Superior Court P.O. Box 559, Springfield, MA 01102 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing a copy of your response to the Plaintiff's attorney/Plaintiff at the following address: KEVIN M. DAVIS, CROWLEY & McCARTHY, P.C., 220 BROADWAY, SUITE 405, LYNNFIELD, MA 01940

**3. What to Include in Your Response.**
An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**
You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**
The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti Chief Justice on ____________________, 20____. (Seal)

Clerk [signature]

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

**PROOF OF SERVICE OF PROCESS**

I hereby certify that on ______________, I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

______________________________________________________________

______________________________________________________________

______________________________________________________________

Dated: ______________ Signature: ______________________

**N.B. TO PROCESS SERVER:**
**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2579CV00454 | Trial Court o[illegible]ssachusetts<br>The Superio[illegible]ourt |
|---|---|---|
| CASE NAME:<br>Horace Mann Insurance Company as Subrogee of Marie Paiva vs. Amazon.com, Inc et al | | Laura S Genti[illegible]erk of Courts<br>Hampden Co[illegible] |
| TO: Kevin M Davis, Esq.<br>Crowley and McCarthy, P.C.<br>220 Broadway<br>Suite 405<br>Lynnfield, MA 01940 | | COURT NAME & A[illegible]RESS<br>Hampden County Superior Court<br>Hall of Justice - 50 State Street<br>P.O. Box 559<br>Springfield, MA 01102 |

**TRACKING ORDER - F - Fast Track**

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION** **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/22/2025 | |
| Response to the complaint filed (also see MRCP 12) | | 10/22/2025 | |
| All motions under MRCP 12, 19, and 20 | 10/22/2025 | 11/21/2025 | 12/22/2025 |
| All motions under MRCP 15 | 10/22/2025 | 11/21/2025 | 12/22/2025 |
| All discovery requests **and depositions** served and non-expert depositions completed | 04/21/2026 | | |
| All motions under MRCP 56 | 05/20/2026 | 06/22/2026 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/19/2026 |
| Case shall be resolved and judgment shall issue by | | | 06/24/2027 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| **06/25/2025** | **Lois Cignoli** | **(413)735-6016** |

CERTIFIED MAIL®

CROWLEY & McCARTHY, P.C.
220 Broadway, Suite 405
Lynnfield, MA 01940

7021 0350 0000 3910 8818

PITNEY BOWES
$10.48 0
US POSTAGE
FIRST-CLASS
028W0002312184
2000225574
ZIP 01940
JUL 08 2025

AMAZON.COM, INC.
c/o Corporation Service Company
300 Deschutes Way SW
Suite 208 MC-CSC1
Tumwater, WA 98501

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS. .

HAMPDEN COUNTY SUPERIOR COURT
CIVIL ACTION NO.

HORACE MANN INSURANCE COMPANY as
Subrogee of Marie Paiva,
Plaintiff

vs.

AMAZON.COM, INC., SHENZHEN SHENGWANGJIA TECHNOLOGY CO. LTD. and
PARROT,
Defendants

COMPLAINT

1. The Plaintiff, Horace Mann Insurance Company ("Horace Mann"), is a property and casualty insurer headquartered in Illinois that is authorized and licensed to issue insurance policies in the Commonwealth of Massachusetts.

2. The Defendant, Amazon.com, Inc. (hereinafter known as "Amazon"), is a foreign profit corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington, United States and a registered agent located at 300 Deschutes Way SW Ste 208 MC-CSC1, Tumwater, Washington, United States and does substantial business in, has minimum contacts with the Commonwealth of Massachusetts.

3. The Defendant, Shenzhen Shengwangjia Technology Co., Ltd. (hereinafter known as "Shenzhen") is a corporation with a place of business located at 5&6/F, Block B, Sanweishabian Industry Zone, Bao'an Road, Gushu, Xixiang St. Bao'an Dist., Shenzhen CHINA 518000 does substantial business in and has minimum contacts with the Commonwealth of Massachusetts via online sales of its product through Amazon.

4. The Defendant, Parrot, (hereinafter known as "Parrot") is a corporation with a place of business located at 174 Quai De Jemmapes, Paris, Ile-de-France 75010, France does substantial business in and has minimum contacts with the Commonwealth of Massachusetts via online sales of its product through Amazon.

INTRODUCTION/FACTS COMMON TO ALL COUNTS

5. On or about July 30, 2022, Marie Paiva (hereinafter the "Insured") had a home owners policy of insurance with the Plaintiff, Horace Mann Insurance Company, which required the Plaintiff to pay benefits to or on behalf of the Insureds for property damage to the insured property located at 66 Tobacco Farm Road, Feeding Hills, Hampden County, Massachusetts, United States, a single family dwelling (hereinafter known as the "Insured

Premises") and to pay for damages to personal property and other benefits for injuries suffered by the Insureds as a result of fires or other types of losses.

6. Said policy of insurance also provided that the Plaintiff would be subrogated to the rights of the beneficiaries in the case of any such payment.

7. On July 30, 2022, such a loss occurred when a fire ignited at the Insured Premises. Such fire occurred as a result of the defective product manufactured and/or distributed by the Defendants, Shenzhen and Parrot and sold by Amazon.

8. Prior to July 30, 2022, the Insured purchased a Parrot Bebop model drone and battery (hereinafter identified as "Bebop drone") manufactured and/or distributed by the Defendant Parrot from the retailer Defendant Parrot and thereafter, properly used the drone and battery at the Insured Premises.

9. Prior to July 30, 2022, the Insured purchased lithium-ion replacement batteries identified as POWTREE Bebop 3.0 Battery Li-ion 11.1V 2500mAh Replacement Battery (hereinafter identified as "replacement battery") manufactured and/or distributed by the Defendant Shenzhen from the retailer Defendant Amazon and thereafter, properly used the replacement battery at the Insured Premises.

10. Prior to July 30, 2022, the Insured purchased a battery charger identified as an Anbee Parallel Multi-Battery Balance Charger for Parrot Bebop (hereinafter identified as "charger") manufactured and/or distributed by the retailer Defendant Amazon and thereafter, properly used the charger at the Insured Premises.

11. Parrot, by and through its employees, agents, servants and/or representatives, designed, manufactured, assembled, installed, tested, sold, delivered and/or distributed the drone and battery in Massachusetts through various locations, including website retailers including Amazon.

12. Shenzhen, by and through its employees, agents, servants and/or representatives, designed, manufactured, assembled, installed, tested, sold, delivered and/or distributed the replacement batteries in Massachusetts through various locations, including website retailers including Amazon.

13. Amazon, by and through its employees, agents, servants and/or representatives, assembled, designed, manufactured, sold, delivered and/or distributed the Bebop drone, battery, battery charger and replacement batteries to the Insured in Massachusetts.

14. Amazon was a seller of the Bebop drone, battery, battery charger and replacement batteries and was responsible for putting the products sold on its marketplace website by third party sellers into the stream of commerce in Massachusetts.

15. The Bebop drone, battery, battery charger and replacement batteries were used by the Insured in a manner consistent with the manufacturer's expected use of the product.

16. On July 30, 2022, a fire ignited within the Parrot Bebop drone battery, battery charger and/or replacement batteries as they were being charged in the Insured Premises. Such fire started as a result of a defect, electrical fault or other problem within the Bebop drone battery, battery charger and/or replacement batteries.

17. The fire which ignited within the batteries which were being charged caused extensive damage to the Insured Premises.

18. As a result of the fire at the Insured Premises, the Insured filed a claim for the substantial damages to her property, and as a result of this, the Plaintiff was obliged to expend money for the damages to the Insured Premises as well as other damages pursuant to the terms of the policy of insurance issued by the Plaintiff and covering the Insured Premises.

**COUNT I**
**NEGLIGENCE**

**HORACE MANN INSURANCE COMPANY A/S/O Marie Paiva v. AMAZON.COM, INC.**

19. The Plaintiff incorporates by reference Paragraphs 1 through 18 as if each and every allegation was separately set forth herein.

20. The Defendant, Amazon.com, Inc., through its employees, agents, servants and/or representatives, owed a duty to use reasonable care in the assembly, testing, inspection, sale, distribution and/or placing the Parrot Bebop drone, its battery, battery charger and any replacement batteries into the stream of commerce.

21. The Defendant, Amazon.com, Inc. assembled, tested, sold, distributed and/or placed the Parrot Bebop drone, its battery, battery charger and any replacement batteries into the stream of commerce in a manner that presented a substantial and unreasonable risk of fire.

22. The Defendant, Amazon.com, Inc. breached its duty when it sold the Parrot Bebop drone, its battery, battery charger and replacement batteries which it assembled, tested, inspected, distributed and/or thus placing them into the stream of commerce to the consumers, including the Insured.

23. The Insured purchased the Parrot Bebop drone, its battery, battery charger and replacement batteries from Amazon.com, Inc., and the products were properly used at the Insured Premises.

24. Because of the Defendant's negligence in assembly, testing, inspection, sale, distribution and/or placement of the defective Parrot Bebop drone, its battery, battery charger and replacement batteries into the stream of commerce, a fire ignited within the batteries while they were being electrically charged in the Insured Premises and as a result, the Insured Premises sustained substantial property damage.

25. As a result of the claim for property damage submitted by the Insured the Plaintiff was obliged to expend money for the damages to the Insured Premise as well as other damages pursuant to the terms of the policy of insurance covering the Insured Premises.

26. Said policy of insurance also provided that the Plaintiff would be subrogated to the rights of the beneficiaries in the case of any such payment.

**WHEREFORE,** the Plaintiff, Horace Mann Insurance Company as Subrogee of Marie Paiva, demands judgment against the Defendant, Amazon.com, Inc., in an amount equal to the benefits paid by Horace Mann Insurance Company, plus interest, costs and for further relief as the Court deems just and proper.

## COUNT II
## BREACH OF WARRANTY OF MERCHANTABILITY

**HORACE MANN INSURANCE COMPANY A/S/O Marie Paiva v. AMAZON.COM, INC.**

27. The Plaintiff incorporates by reference Paragraphs 1 through 26 as if each and every allegation was separately set forth herein.

28. The Defendant, Amazon.com, Inc. sold the Parrot Bebop drone, battery, battery charger and replacement batteries to consumers and the products were used as intended by the residents of 66 Tobacco Farm Road, Feeding Hills,, Massachusetts.

29. By selling, delivering, distributing and/or placing the drone, battery, battery charger and replacement batteries into the stream of commerce, Amazon impliedly warranted to end users that the products would safely perform the use for which they were intended and that, in all respects, the products were fit for their ordinary use and were of merchantable quality.

30. The Defendant breached said warranty by selling, delivering, distributing and/or placing the drone, battery, battery charger and replacement batteries into the stream of commerce with a defective condition that rendered them an unreasonably dangerous fire hazard so that they were not suitable for their ordinary use.

31. The Defendant's breach of its implied warranty was the cause of the fire which resulted in substantial damages to the Insured Premises for which the Plaintiff was required to pay substantial amounts of money to or on behalf of its Insureds.

32. As a result of the claim submitted by the Insured, Horace Mann was obliged to expend money for the damages to the property at the Insured Premises as well as other damages pursuant to the terms of the policy of insurance covering the Insured Premises.

33. Said policy of insurance also provided that the Plaintiff would be subrogated to the rights of the beneficiaries in the case of any such payment.

WHEREFORE, the Plaintiff, Horace Mann Insurance Company as Subrogee of Marie Paiva, demands judgment against the Defendant, Amazon.com, Inc., in an amount equal to the benefits paid by Horace Mann Insurance Company, plus interest, costs and for further relief as the Court deems just and proper.

**COUNT III**
**NEGLIGENCE**

**HORACE MANN INSURANCE COMPANY A/S/O Marie Paiva v. Shenzhen Shengwangjia Technology Co., Ltd**

34. The Plaintiff incorporates by reference Paragraphs 1 through 33 as if each and every allegation was separately set forth herein.

35. The Defendant, Shenzhen, through its employees, agents, servants and/or representatives, owed a duty to use reasonable care in the design, manufacture, assembly, installation, testing, inspection, sale and/or distribution of the replacement batteries.

36. The Defendant, Shenzhen, designed, manufactured, assembled, installed, tested, sold and/or distributed the replacement battery in a manner that presented a substantial and unreasonable risk of fire.

37. The Defendant sold the replacement batteries, which it manufactured, to various retail stores and on-line outlets including Amazon, to be sold to customers and used in the manner as used by the consumers.

38. The Insured purchased the replacement batteries manufactured and/or distributed by the Defendant, Shenzhen, from an on-line retailer and thereafter, properly used the batteries at the Insured Premises.

39. Because of the Defendant's negligence in design, manufacture, assembly, installation, testing, inspection, sale and/or distribution of the replacement batteries a fire ignited within the product while it was being electrically charged within the Insured Premises and as a result, the Insured Premises sustained substantial property damage.

40. As a result of the claim for property damage submitted by the Insureds, the Plaintiff was obliged to expend money for the damages to the Insured Premise as well as other damages pursuant to the terms of the policy of insurance covering the Insured Premises.

41. Said policy of insurance also provided that the Plaintiff would be subrogated to the rights of the beneficiaries in the case of any such payment.

**WHEREFORE,** the Plaintiff, Horace Mann Insurance Company as Subrogee of Marie Paiva, demands judgment against the Defendant Shenzhen, in an amount equal to the benefits paid by Horace Mann Insurance Company, plus interest, costs and for further relief as the Court deems just and proper.

**COUNT IV**
**BREACH OF WARRANTY OF MERCHANTABILITY**

**HORACE MANN INSURANCE COMPANY A/S/O Marie Paiva v. Shenzhen Shengwangjia Technology Co., Ltd**

42. The Plaintiff incorporates by reference Paragraphs 1 through 41 as if each and every allegation was separately set forth herein.

43. The Defendant manufactured, distributed and/or sold the replacement batteries to various retail stores and online outlets, to be distributed and used in the manner used by the Insured.

44. By assembling, designing, manufacturing, selling, delivering and/or distributing and placing the replacement batteries into the stream of commerce, Shenzhen impliedly warranted to end users that the subject replacement batteries would safely perform the use for which they were intended and that, in all respects, the products were fit for their ordinary use and were of merchantable quality.

45. The Defendant breached their warranty by assembling, designing, manufacturing, selling, delivering and/or distributing the replacement batteries with a defective condition that rendered them an unreasonably dangerous fire hazard so that they were not suitable for their ordinary use.

46. The Defendant's breach of its implied warranty was the cause of the fire which resulted in substantial damages to the Insured Premises for which the Plaintiff was required to pay substantial amounts of money to or on behalf of the Insureds.

47. As a result of the claim submitted by Marie Paiva, the Plaintiff was obliged to expend money for the damages to the property at 66 Tobacco Farm Road, Feeding Hills, Massachusetts as well as other damages pursuant to the terms of the policy of insurance covering the Insured Premises.

48. Said policy of insurance also provided that the Plaintiff would be subrogated to the rights of the beneficiaries in the case of any such payment.

**WHEREFORE,** the Plaintiff, Horace Mann Insurance Company as Subrogee of Marie Paiva, demands judgment against the Defendant, Shenzhen Shengwangjia Technology Co., Ltd., in an amount equal to the benefits paid by Horace Mann Insurance Company, plus interest, costs and for further relief as the Court deems just and proper.

**COUNT V**
**NEGLIGENCE**

**HORACE MANN INSURANCE COMPANY A/S/O Marie Paiva v. PARROT**

49. The Plaintiff incorporates by reference Paragraphs 1 through 48 as if each and every allegation was separately set forth herein.

50. The Defendant, Parrot, through its employees, agents, servants and/or representatives, owed a duty to use reasonable care in the design, manufacture, assembly, installation, testing, inspection, sale and/or distribution of the drone and battery it placed into the stream of commerce.

51. The Defendant, Parrot, designed, manufactured, assembled, installed, tested, sold and/or distributed the drone and battery in a manner that presented a substantial and unreasonable risk of fire.

52. The Defendant sold the drone and battery, which it manufactured, to various retail stores and on-line outlets including Amazon, to be sold to customers and used in the manner used by the consumers.

53. The Insured purchased the drone and replacement battery manufactured and/or distributed by the Defendant, Parrot, from an on-line retailer and thereafter, properly used the product at the Insured Premises.

54. Because of the Defendant's negligence in design, manufacture, assembly, installation, testing, inspection, sale and/or distribution of the unit a fire ignited within the product while it was being electrically charged within the Insured Premises and as a result, the Insured Premises sustained substantial property damage.

55. As a result of the claim for property damage submitted by the Insured, the Plaintiff was obliged to expend money for the damages to the Insured Premise as well as other damages pursuant to the terms of the policy of insurance covering the Insured Premises.

56. Said policy of insurance also provided that the Plaintiff would be subrogated to the rights of the beneficiaries in the case of any such payment.

**WHEREFORE,** the Plaintiff, Horace Mann Insurance Company as Subrogee of Marie Paiva, demands judgment against the Defendant Parrot, in an amount equal to the benefits paid by Horace Mann Insurance Company, plus interest, costs and for further relief as the Court deems just and proper.

## COUNT IV
## BREACH OF WARRANTY OF MERCHANTABILITY

**HORACE MANN INSURANCE COMPANY A/S/O Marie Paiva v. PARROT**

57. The Plaintiff incorporates by reference Paragraphs 1 through 56 as if each and every allegation was separately set forth herein.

58. The Defendant manufactured, distributed and/or sold the drone and battery to various retail

stores and on-line outlets, to be distributed and used in the manner used by the Insured.

59. By assembling, designing, manufacturing, selling, delivering and/or distributing and placing the drone and battery into the stream of commerce, Parrot impliedly warranted to end users that the unit would safely perform the use for which it was intended and that, in all respects, the product was fit for its ordinary use and was of merchantable quality.

60. The Defendant breached their warranty by assembling, designing, manufacturing, selling, delivering and/or distributing the drone and battery with a defective condition that rendered it an unreasonably dangerous fire hazard so that it was not suitable for its ordinary use.

61. The Defendant's breach of its implied warranty was the cause of the fire which resulted in substantial damages to the Insured Premises for which the Plaintiff was required to pay substantial amounts of money to or on behalf of the Insured.

62. As a result of the claim submitted by Marie Paiva, the Plaintiff was obliged to expend money for the damages to the property at 66 Tobacco Farm Road, Feeding Hills, Massachusetts as well as other damages pursuant to the terms of the policy of insurance covering the Insured Premises.

63. Said policy of insurance also provided that the Plaintiff would be subrogated to the rights of the beneficiaries in the case of any such payment.

**WHEREFORE,** the Plaintiff, Horace Mann Insurance Company as Subrogee of Marie Paiva, demands judgment against the Defendant Parrot, in an amount equal to the benefits paid by Horace Mann Insurance Company, plus interest, costs and for further relief as the Court deems just and proper.

**REQUEST FOR JURY TRIAL**

The Plaintiff hereby requests a trial by Jury on all issues raised by these pleadings.

Attorney for Plaintiff,

*/s/ Kevin M. Davis*

Kevin M. Davis
BBO#: 668619
CROWLEY & McCARTHY, P.C.
220 Broadway, Suite 405
Lynnfield, MA 01940
(781) 842-7302
kdavis@cmpclaw.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court<br>Superior Court |
|---|---|---|
| | | COUNTY Hampden Superior Court (Springfield) |

| | | | |
|---|---|---|---|
| Plaintiff | | Defendant: | Amazon.com, Inc. |
| ADDRESS: | Horace Mann Insurance Company | ADDRESS: | 410 Terry Avenue North |
| | 1 Horace Mann Plaza | | Seattle, WA 98109 |
| | Springfield, Illinois 62715 | | |
| Plaintiff Attorney: | Kevin M. Davis | Defendant: | Shenzhen Shengwangjia Technology Co., Ltd |
| ADDRESS: | Crowley & McCarthy, P.C. | ADDRESS: | 5&6/F, Block B, Sanweishabian Industry Zone |
| | 220 Broadway - Suite 405 | | Bao'an Road, Gushu, Xixiang St. Bao'an Dist. |
| | Lynnfield, MA 01940 | | Shenzhen CHINA 518000 |
| BBO: | 668619 | | |
| Plaintiff Attorney: | | Defendant: | Parrot |
| ADDRESS: | | ADDRESS: | 174 Quai De Jemmapes |
| | | | Paris, Ile-de-France 75010, France |
| | | | |
| BBO: | | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence/Property Damage | F | ☒ YES ☐ NO |

*If "Other" please describe: ______

Is there a claim under G.L. c. 93A? ☐ YES ☒ NO

Is there a class action under Mass. R. Civ. P. 23? ☐ YES ☒ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

1. Total hospital expenses ______
2. Total doctor expenses ______
3. Total chiropractic expenses ______
4. Total physical therapy expenses ______
5. Total other expenses (describe below) ______

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date ______

C. Documented property damages to date $185,750.98

D. Reasonably anticipated future medical and hospital expenses ______

E. Reasonably anticipated lost wages ______

F. Other documented items of damages (describe below) ______

TOTAL (A-F): $185,750.98

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Plaintiff's insured suffered significant property damage due to electrical fire caused by Defendants' product defect. Plaintiff is subrogee of its insured for this claim.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| | |
|---|---|
| Signature of Attorney/Self-Represented Plaintiff: X /s/ Kevin M. Davis | Date: June 24, 2025 |

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| | |
|---|---|
| Signature of Attorney: X /s/ Kevin M. Davis | Date: June 24, 2025 |

# CIVIL ACTION COVER SHEET INSTRUCTIONS — SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

**AC Actions Involving the State/Municipality †***

AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal Affairs of Entities (A)
BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c. 231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

**PA Civil Actions Involving Incarcerated Party ‡**

PA1 Contract Action involving an Incarcerated Party (A)
PB1 Tortious Action involving an Incarcerated Party (A)
PC1 Real Property Action involving an Incarcerated Party (F)
PD1 Equity Action involving an Incarcerated Party (F)
PE1 Administrative Action involving an Incarcerated Party (F)

**TR Torts**

B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
B04 Other Negligence - Personal Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical (A)
B07 Malpractice - Other (A)
B08 Wrongful Death - Non-medical (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

**RP Summary Process (Real Property)**

S01 Summary Process - Residential (X)
S02 Summary Process - Commercial/ Non-residential (F)

**RP Real Property**

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10, § 28 (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E (X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency, G.L. c. 30A (X)
E03 Certiorari Action, G.L. c. 249, § 4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9 (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12, § 11H (A)
E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) (X)
E94 Forfeiture, G.L. c. 265, § 56 (X)
E95 Forfeiture, G.L. c. 94C, § 47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B (F)
Z02 Appeal Bond Denial (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A, § 12 (X)
E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S (X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT. IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND ACCURATELY, THE CASE MAY BE DISMISSED.**